**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHENGDATECH LIQUIDATING TRUST,      )<br>                                                            )<br>            Plaintiff,                                 )<br>                                                            )<br>      v.                                                 )            3:13-cv-00563-RCJ<br>                                                            )<br>HANSEN, BARNETT, & MAXWELL, P.C. et )<br>al.,                                                    )            **ORDER**<br>                                                            )<br>            Defendants.                          )<br>_____ )  | |

## I.  PROCEDURAL HISTORY

Chapter 11 Debtor and Plaintiff Shengdatech Liquidating Trust ("SLT") has brought an adversary proceeding in the Bankruptcy Court against Defendants Hansen, Barnett, & Maxwell, P.C. ("HBM"), KPMG LLP ("KMPG US"), Baker Tilly International Limited ("Baker Tilly"), and KPMG International Cooperative ("KMPG IC"). Plaintiff beings five causes of action: (1)–(3) professional negligence and malpractice; (4) breach of contract; and (5) fraudulent transfer. The KMPG Defendants have asked the Court to withdraw the reference under 28 U.S.C. § 157(d). Plaintiff opposes the motion.

## II.  LEGAL STANDARDS

The Supreme Court has ruled that a bankruptcy court—the judges of which are not afforded the protections of life tenure and irreducible salary given to judges under Article III of the

Constitution—cannot enter final judgments on matters traditionally decided by Article III judges, such as contract disputes. *See Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004) (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)). Congress amended the Bankruptcy Code to conform to this ruling, distinguishing "core" bankruptcy proceedings from "non-core" proceedings. *Id.* Congress has enumerated what it considers to be core proceedings, *see id.* (citing 28 U.S.C. § 157(b)(2)), but it has not enumerated what it considers to be non-core proceedings, *see id.* "Non-core" proceedings are those that "do not depend on the Bankruptcy Code for their existence and . . . could proceed in another court." *Id.* (citing *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)).

        A bankruptcy court may hear and finally determine bankruptcy cases under Title 11 and proceedings arising under Title 11 or arising in a case under Title 11. *See* 28 U.S.C. § 157(b)(1). A bankruptcy court may hear a non-core proceeding but must submit proposed findings of fact and conclusions of law to the district court for final determination de novo. *Id.* § 157(c)(1). The Ninth Circuit has adopted the Fifth Circuit's reasoning in distinguishing the three types of proceedings: (1) those "arising under" Title 11; (2) those "arising in" a case under Title 11; and (3) those "related to" a case under Title 11, which are the three categories of cases over which district courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b):

> 28 U.S.C. § 157(b) defines core proceedings as ones "arising under title 11, or arising in a case under title 11," and gives a nonexhaustive list of types of core proceedings. "Arising under" and "arising in" are terms of art. They are two of the three categories of cases over which district courts have jurisdiction under 28 U.S.C. § 1334(b). The third category includes cases "related to" a case under title 11. As the Fifth Circuit has explained,
>
>> Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11 . . . . The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.
>
> The court concluded: "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an 'otherwise related' or non-core proceeding."

*In re Eastport Assocs.*, 935 F.2d 1071, 1076–77 (9th Cir. 1991) (citations omitted) (quoting *In re*

*Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987) (footnotes omitted)).

Upon motion or sua sponte, a district court may withdraw, in whole or in part, any bankruptcy case or proceeding. 28 U.S.C. § 157(d). A district court *must* upon timely motion withdraw a proceeding if it determines "that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* The party moving for withdrawal has the burden of persuasion. *See In re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

Although a bankruptcy court may not finally determine non-core issues, the mere presence of such issues does not mandate withdrawal of the reference. *In re Vicars Ins. Agency*, 96 F.3d 949, 953 (7th Cir. 1996). Rather, withdrawal is only mandatory "in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms*, 124 F.3d at 1008. Put differently, "mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Id.* at 954. Permissive withdrawal is allowed, however, "for cause shown," 28 U.S.C. § 157(d), which a district court determines by considering "the efficient use of judicial resources (which is enhanced when non-core issues predominate), delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

**III.   ANALYSIS**

Mandatory withdrawal does not apply here, as the Complaint does not appear to require the interpretation of non-bankruptcy federal law. The Court grants permissive withdrawal, however, because: (1) the Bankruptcy Court lacks the constitutional authority to finally determine the non-core common law claims in the Complaint; and (2) Plaintiff has demanded a jury trial, and the Bankruptcy Court lacks the statutory authority to conduct a jury trial without Defendants' consent, which they will not give, *see* 28 U.S.C. § 157(e). The Court agrees with Defendants that judicial efficiency weighs in favor of withdrawal to this Court since the District Court would have to review all dispositive recommendations as to non-core issues de novo, increasing costs and causing delay, and the non-core issues heavily predominate. In fact, even the fraudulent transfer claim may be non-

core. If so, the Complaint is entirely non-core, and its adjudication here could not possibly disrupt the uniformity of the bankruptcy administration.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Withdraw the Reference (ECF No. 1) is GRANTED.

IT IS SO ORDERED.

DATED: This 25th day of November, 2013.

_____
ROBERT C. JONES
United States District Judge