UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SHENGDATECH LIQUIDATING TRUST,

Plaintiff,

v.

HANSEN, BARNETT & MAXWELL, P.C. ET AL.,

Defendants.

Case No. 3:13-cv-00563-RCJ

DECLARATION OF MICHAEL D. KANG IN SUPPORT OF JOINT MOTION BY PLAINTIFF AND DEFENDANTS KPMG LLP AND KPMG INTERNATIONAL COOPERATIVE FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND RELATED RELIEF

I, Michael D. Kang, state as follows:

1. I currently serve as the liquidating trustee (the "Trustee") of the ShengdaTech Liquidating Trust ("SLT"). In this capacity, I am familiar with the day-to-day business operations, assets and financial affairs of SLT.

2. I submit this Declaration in support of the joint motion (the "Motion")[1] of Plaintiff SLT and defendants KPMG LLP ("KPMG USA") and KPMG International Cooperative ("KPMG International," and together with SLT and KPMG USA, the "Parties") for entry of an order, substantially in the form attached as Exhibit A to the Motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 9019 of the Local Rules of Practice for the United States District Court for the District of Nevada (the "Local Rules"): (a) approving the settlement (the "Settlement") memorialized in that certain Settlement and Release Agreement, effective as of February 28, 2014 (the "Settlement

---

[1] Capitalized terms used herein but otherwise undefined shall have the meaning ascribed to such terms in the Motion.

1

Agreement"), by and among the Parties and KPMG, a Hong Kong partnership ("KPMG HK"), (b) entering a Contribution Bar Order (as described in the proposed order granting the Motion) and (c) entering a final judgment of voluntary dismissal with prejudice pursuant to Rules 41(a)(2) and 54(b) of the Federal Rules of Civil Procedure ("FRCP") as to KPMG HK and Defendants KPMG USA and KPMG International (collectively, the "KPMG Defendants").

3. Unless otherwise indicated, I can attest to the facts stated herein based on personal knowledge I attained in my capacity as the Trustee, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning SLT. I am authorized to submit this declaration on behalf of SLT. If called upon to do so, I would testify competently regarding the information contained herein.

4. I have reviewed the Motion and the Settlement Agreement. I was involved in negotiating the terms of the Settlement Agreement for which SLT is seeking approval pursuant to the Motion. I believe that the Settlement and the relief sought in the Motion are in the best interest of SLT, the estate and creditors.

A. **Factual Background**

i. *The Chapter 11 Case*

5. On August 19, 2011, ShengdaTech, Inc. ("ShengdaTech, Inc." or the "Debtor") commenced a Chapter 11 bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

6. The events giving rise to the Chapter 11 Case are described in detail in the *Declaration of Sheldon B. Saidman in Support of Debtor's First Day Motions* [Bankruptcy Docket No. 16].

7. On October 1, 2012, the Debtor filed *ShengdaTech, Inc.'s First Amended Chapter 11 Plan of Reorganization, As Modified* (the "Modified Plan") [Bankruptcy Docket No. 652]. The Debtor also filed an executed version of the Liquidating Trust Agreement, dated October 17, 2012 (the "Liquidating Trust Agreement") [Bankruptcy Docket No. 679].

8. On October 2, 2012, the Court entered the *Findings of Fact and Conclusions of Law Regarding Confirmation of the First Amended Chapter 11 Plan of Reorganization, As Modified* and the *Order Confirming the First Amended Chapter 11 Plan of Reorganization, As Modified* [Bankruptcy Docket Nos. 654 & 655].

9. The Effective Date of the Modified Plan occurred on October 17, 2012 (the "Effective Date") [Bankruptcy Docket No. 680].

ii. **SLT**

10. In accordance with the Modified Plan, SLT was established on the Effective Date.

11. Pursuant to the Modified Plan and the Liquidating Trust Agreement, all assets of ShengdaTech, Inc., including all claims and causes of action held by ShengdaTech, Inc., were transferred to SLT, and SLT is empowered to take such actions as are necessary to pursue, prosecute, resolve or compromise, all such causes of action.

iii. **The Action**

12. On August 15, 2013, SLT commenced this adversary proceeding (the "Action") against, *inter alia*, KPMG USA and KPMG International in the Bankruptcy Court under the caption *ShengdaTech Liquidating Trust v. Hansen, Barnett & Maxwell, P.C., et al.*, Adv. Proc. No. 13-05046-BTB.

13. As a result of a November 25, 2013 Order withdrawing the reference, the Action is now pending in this Court as Case No. 3:13-cv-00563-RCJ.

3

14. SLT's claim in the Action against KPMG USA and KPMG International is pursuant to the theory of *respondeat superior*, arising from alleged professional negligence and malpractice by ShengdaTech, Inc.'s former outside auditor, KPMG HK.

15. SLT initially did not name KPMG HK as a defendant in the Action, but instead demanded that KPMG HK participate in mediation pursuant to the terms of an engagement letter between ShengdaTech, Inc. and KPMG HK.

16. As part of the Settlement reached at mediation, on March 13, 2014, SLT, KPMG USA, and KPMG International filed a stipulation for leave to amend the complaint in the Action to add KPMG HK as a defendant, in order to facility entry of a Contribution Bar Order in favor of KPMG HK. KPMG HK, as a signatory of the Settlement Agreement, has consented to the amendment of the complaint for the purpose of facilitating entry of a Contribution Bar Order. I understand that this motion is pending before the Court.

17. The proposed amended complaint includes claims by SLT against KPMG HK for professional negligence, malpractice, and breach of its contractual obligations to ShengdaTech, Inc. arising out of the audit and other services it contracted to provide to ShengdaTech, Inc.

**B.     The Proposed Settlement**

18. SLT and KPMG HK participated in a mediation that resulted in an agreement in principle to resolve SLT's claims against KPMG HK, KPMG USA, and KPMG International. The terms of the proposed settlement are memorialized in the Settlement Agreement.

19. As further discussed in the Motion, the Settlement Agreement provides, *inter alia*, that (a) KPMG HK will pay SLT the sum of US$2,750,000 (the "Settlement Payment") in full and final settlement of all of SLT's Released Claims against the KPMG Released Parties, (b) the Settlement Payment shall be made within seven (7) business days after the Court's

4

approval of the Settlement and entry of a Contribution Bar Order, (c) SLT fully, finally, and forever resolves, discharges, settles and releases the KPMG Released Parties from the SLT's Released Claims, (d) the KPMG Defendants forever and fully release the SLT Released Parties from the KPMG Parties' Released Claims, (e) the Parties agree to seek the entry of a Contribution Bar Order that will forever discharge the KPMG Released Parties from any and all claims of contribution or indemnity to any person or entity, including but not limited to, other defendants named in the Action, that arise out of or in any way relate to SLT's Released Claims, (f) the releases of the SLT's Released Claims and the KPMG Parties' Released Claims shall be effective immediately upon the Court's entry of the Contribution Bar Order and KPMG HK's payment of the Settlement Payment, (g) if the Court declines to enter a Contribution Bar Order that is satisfactory to the KPMG Defendants, KPMG HK may elect to terminate the Settlement, (h) there are certain restrictions on public disclosure of the Settlement Agreement, and (i) the effectiveness of the Settlement Agreement is conditioned upon entry of an order approving the Settlement.

20. It is my understanding that, due to the numerous complex factual and legal issues embedded in the Action, litigation of the Action is inherently risky. KPMG USA and KPMG International have filed motions to dismiss the Action on the grounds, *inter alia*, that SLT's claims are barred by the *in pari delicto* doctrine. I have been advised that the *in pari delicto* defense may not apply under the circumstances presented by this Action, and SLT has therefore opposed the motions to dismiss. Those motions are *sub judice*, and while I believe that SLT's arguments will prevail, it is my understanding that there is a possibility that the Action will be dismissed with SLT receiving no recovery. Additionally, even if the motions to dismiss are denied, it is my understanding that there is no guarantee of success at trial, and SLT could ultimately recover $0 or an amount lower than what will be realized under the Settlement

Agreement. I have also been informed that, even if SLT prevails at trial against the KPMG Defendants, they will likely appeal. I understand that such an appeal could present additional risks, including (a) protracting the litigation, (b) the possibility of a reversal or remand and/or (c) the reduction of a recovery when considering the time value of money.

21. Moreover, I have been advised that SLT may also encounter difficulties in the collection of an award against the KPMG Defendants. It is my understanding that, to recover any award from the KPMG Defendants, SLT must first successfully prosecute the Action to conclusion against the KPMG Defendants. As noted above, such litigation is risky and the outcome is not guaranteed. Moreover, two of the KPMG Defendants are located overseas, which I understand can make collection efforts particularly challenging, time-consuming and expensive.

22. It is also my belief that the complexity, expense, inconvenience and delay of continued litigation strongly weigh in favor of approving the Settlement. I have been informed that the Action involves complex legal and factual issues, and the litigation will be further complicated by the fact that many of the relevant witnesses and documents are located in China, and many of those are in the possession of individuals or entities that are unlikely to produce them voluntarily to SLT. Such documents, assuming that SLT can obtain them, will be time-consuming and expensive to translate from Chinese to English. The time delay in obtaining a favorable result in the Action, which may or may not occur, could be significant, in contrast the Settlement which provides the certainty of a recovery now.

23. I believe that the Settlement is in the best interest of the creditors and the estate. The Settlement Agreement provides SLT with a much-needed infusion of cash within seven (7) business days after the Court's approval of the Settlement and entry of a Contribution Bar Order, as opposed to waiting for resolution of the Action as against the KPMG Defendants.

This recovery will enable SLT to continue pursuing other avenues for recovery of funds for the creditors

24. Additionally, I believe that the scope of the releases of SLT's Released Claims is reasonable and appropriate under the circumstances. The KPMG Released Parties are providing SLT with significant consideration in exchange for the releases, including certainty of outcome of the Action and a payment of significant funds.

25. The Settlement Agreement was negotiated at arm's length and in good faith, with the assistance of an independent professional mediator. Based on the involvement of individuals under my direction, who negotiated the terms of the Settlement Agreement, I believe the proposed settlement embodied therein is fair, reasonable, and in the best interests of the creditors and SLT.

26. For the foregoing reasons, I believe that the Settlement embodied in the Settlement Agreement should be approved by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 14, 2014

_____
Michael D. Kang, solely in his capacity as Liquidating Trustee of the ShengdaTech Liquidating Trust

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Woodburn and Wedge and that on the 14th day of March, 2014, I electronically served the foregoing *Declaration of Michael D. Kang in Support of Joint Motion by Plaintiff and Defendants KPMG LLP and KPMG International Cooperative for Entry of an Order Approving Settlement and Related Relief* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following via their email addresses:

Jennifer W. Arledge
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
300 S. 4th St., 11th Floor
Las Vegas, NV  89101
jennifer.arledge@wilsonelser.com

Kathleen M. Maynard
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
300 S. 4th St., 11th Floor
Las Vegas, NV  89101
Kathleen.Maynard @wilsonelser.com

/s/
Tommie Kay Atkinson

-1-