WOODBURN AND WEDGE
John F. Murtha (Nevada Bar # 835)
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone:    (775) 688-3016
*Counsel for Plaintiff ShengdaTech Liquidating Trust*

COTTON, DRIGGS, WALCH, HOLLEY, WOLOSON & THOMPSON
Richard F. Holley (Nevada Bar # 3077)
400 South Fourth Street, Third Floor
Las Vegas, NV 89101
Telephone: (702) 791-0308
*Counsel for Defendant KPMG LLP*

MCDONALD CARANO WILSON LLP
Aaron D. Shipley (Nevada Bar # 8258)
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
*Counsel for Defendant KPMG International Cooperative*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SHENGDATECH LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>HANSEN, BARNETT & MAXWELL, P.C.; BAKER TILLY INTERNATIONAL LIMITED; KPMG INTERNATIONAL COOPERATIVE; and KPMG LLP,<br><br>Defendants. | Case No. 3:13-cv-00563-RCJ<br><br>**[PROPOSED] ORDER APPROVING SETTLEMENT, ENTERING CONTRIBUTION BAR ORDER, AND ENTERING FINAL JUDGMENT OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO RULE 54(b) AS TO DEFENDANTS KPMG INTERNATIONAL COOPERATIVE AND KPMG LLP** |

WHEREAS, this matter comes before the Court upon the Joint Motion for Entry of an Order Approving Settlement and Related Relief (the "Motion"), brought by plaintiff ShengdaTech Liquidating Trust ("SLT") and defendants KPMG International Cooperative and KPMG LLP (together, the "KPMG Defendants");

WHEREAS, pursuant to the First Amended Chapter 11 Plan of Reorganization, As Modified (the "Plan"), of debtor ShengdaTech, Inc. (the "Debtor"), and pursuant to that certain Liquidating Trust Agreement dated October 17, 2012 (the "Liquidating Trust Agreement"), all claims and causes of action held by ShengdaTech, Inc. have been transferred to SLT;

WHEREAS, on August 15, 2013, SLT commenced this adversary proceeding (the "Action") against, *inter alia*, the KPMG Defendants in the United States Bankruptcy Court for the District of Nevada under the caption *ShengdaTech Liquidating Trust v. Hansen, Barnett & Maxwell, P.C., et al.*, Adv. Proc. No. 13-05046-BTB;

WHEREAS, as a result of a November 25, 2013 Order withdrawing the reference, the Action is now pending in this Court as Case No. 3:13-cv-00563-RCJ;

WHEREAS, SLT's claim in the Action against the KPMG Defendants is pursuant to the theory of *respondeat superior*, arising from alleged professional negligence and malpractice by ShengdaTech, Inc.'s former outside auditor, KPMG, a Hong Kong partnership ("KPMG HK");

WHEREAS, the KPMG Defendants deny any responsibility for any alleged wrongdoing, and have filed motions to dismiss the Action against them, which motions have been fully briefed and are *sub judice*;

WHEREAS, SLT did not name KPMG HK as a defendant in the Action, but instead demanded that KPMG HK participate in mediation pursuant to the terms of an engagement letter between ShengdaTech, Inc. and KPMG HK;

WHEREAS, SLT and KPMG HK have participated in a mediation proceeding that has resulted in an agreement in principle (the "Settlement") to resolve SLT's claims against KPMG HK, as well as the claims in the Action against the KPMG Defendants;

WHEREAS, the terms of the proposed Settlement are memorialized in a Settlement and Release Agreement (the "Settlement Agreement") entered into by and among SLT, the KPMG Defendants, and KPMG HK (collectively, the "Parties") on February 28, 2014;

WHEREAS, the proposed Settlement Agreement provides, *inter alia*, for SLT to fully, finally, and forever resolve, discharge, settle and release any and all Claims and Unknown Claims as defined in the Settlement Agreement of any nature whatsoever in any jurisdiction that SLT ever had, now has or can, shall or may have against the KPMG Defendants, KPMG HK, and all other member firms of the KPMG network of independent member firms affiliated with KPMG International Cooperative that provide audit, tax and/or advisory services ("KPMG Member Firms") (collectively, the "KPMG Released Parties")[1], that (a) arise out of or in any way relate to the Action or the facts, transactions, allegations, and/or claims of liability described in the Action, or (b) were brought or alleged, or could have been brought or alleged in the Action and/or that relate in any way to any work performed by the KPMG Released Parties for or related to ShengdaTech, Inc. at any time (collectively, the "SLT's Released Claims");

WHEREAS, the Settlement Agreement was expressly conditioned upon approval by this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and the entry of a Contribution Bar Order;

WHEREAS, SLT, KPMG HK and the KPMG Defendants have agreed that the judgment reduction formula to be applied to any verdict or judgment against non-settling defendants or any purported joint tortfeasors, shall be calculated in accordance with the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A) and (B); and

WHEREAS, after having reviewed the entire record before it, including the Motion, the pleadings, and any responses and objections, the Court has made the following findings of fact and conclusions of law:

---

[1] All references to the "KPMG Released Parties" shall include the KPMG Defendants, KPMG HK and the other KPMG Member Firms and all of their respective past and present parent companies, subsidiaries, divisions, affiliates, related entities, joint ventures, predecessors, successors and assignees, and all their respective present and former agents, subcontractors, subrogees, insurers, co-insurers, reinsurers, attorneys, and all their respective present and former partners, principals, members, directors, officers, employees, stockholders and owners.

(a) Due, sufficient and timely notice of the Motion has been provided to all persons entitled thereto, and no other or further notice of the Motion or of this Order is necessary.

(b) The Parties negotiated at arm's-length and in good faith to reach agreement on the matters resolved through the Settlement Agreement.

(c) The Settlement is fair, reasonable and adequate, in the best interests of SLT, confers a substantial benefit upon the Debtor's estate, represents a valid and proper exercise of business judgment by the trustee of SLT (the "Liquidating Trustee"), and represents an exchange for reasonably equivalent value.

(d) The benefits, promises, and consideration that KPMG HK and the KPMG Defendants are to provide under the Settlement Agreement are fair, equitable and adequate consideration for the releases provided under the Settlement Agreement.

(e) The Liquidating Trustee (i) has full power and authority to enter into and perform the Settlement Agreement and all other documents contemplated thereby; (ii) has the authority to take all action on behalf of SLT necessary to authorize and approve the Settlement and any transactions contemplated thereby; and (iii) has obtained any necessary consents or approvals to consummate such transactions pursuant to the terms of the Liquidating Trust Agreement.

(f) The Settlement Agreement and the releases therein were negotiated in good faith in accordance with N.R.S. 17.245 and any other applicable law relating to the Contribution Bar Order.

(g) N.R.S. 17.245 provides that when a release is given in good faith to one of two or more persons liable in tort for the same injury, that release "reduces the claim against the others to the extent of any amount stipulated by the

4

release or the covenant, or in the amount of the consideration paid for it, whichever is the greater . . .", and the parties have stipulated to a judgment reduction formula as provided in the PSLRA, which states that "the judgment or verdict shall be reduced by the greater of-- (i) an amount that corresponds to the percentage of responsibility of [the settling party]; or (ii) the amount paid to the plaintiff by that [settling party]." 15 U.S.C. § 78u-4(f)(7)(B).

(h) All legal requirements relating to the Contribution Bar Order have been satisfied and the parties have acted in good faith in all respects relating thereto.

WHEREAS, based on the findings set forth above, the Court hereby concludes as a matter of law that (i) the Settlement satisfies the legal requirements of Bankruptcy Rule 9019, and (ii) SLT is legally authorized to enter into and perform the Settlement Agreement, and to take any and all actions necessary to authorize and approve the Settlement and the transactions contemplated thereby; and

WHEREAS, the Court intends that, to the extent that any of the above findings of fact are conclusions of law, they shall be treated as such, and to the extent that any of the above conclusions of law are findings of fact they shall be treated as such;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement and the Settlement Agreement are hereby approved in all respects;

2. The Liquidating Trustee is hereby authorized, empowered and directed to enter into the Settlement Agreement and to take all necessary acts to carry out and implement the Settlement in accordance with the terms and conditions thereof;

3. The Liquidating Trustee is authorized to execute any other documentation and perform such other ministerial tasks as may be necessary to effect the Settlement Agreement;

4. The KPMG Released Parties are, by virtue of this Order, released and discharged from all claims, known or unknown, for contribution and for equitable indemnity to any person or entity, including but not limited to other defendants named in this Action, whether arising under state, federal or common law in any jurisdiction, based upon, arising out of, relating to or in connection with SLT's Released Claims. Accordingly, to the fullest extent provided by law, the Court bars, enjoins and restrains (1) any and all such claims referred to in this paragraph against the KPMG Released Parties and (2) any and all claims by the KPMG Released Parties against any person or entity, other than a person or entity whose liability has been extinguished by the Settlement Agreement, for contribution and equitable indemnity whether arising under state, federal or common law in any jurisdiction, based upon, arising out of, relating to or in connection with the SLT's Released Claims.

5. The judgment reduction formula to be applied in the event of a judgment or verdict in favor of SLT against a non-settling defendant or any other purported joint tortfeasor with respect to any of SLT's Released Claims shall be consistent with the provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(B), such that the judgment or verdict shall be reduced by the greater of -- (i) an amount that corresponds to the percentage of responsibility of the KPMG Released Parties; or (ii) the amount paid to SLT by KPMG on behalf of the KPMG Released Parties.

6. This Order is without prejudice to and shall not be construed as precluding the non-settling defendants from asserting or seeking to enforce any other judgment reduction credit or set-off right that otherwise may be available to the non-settling defendants.

7. The Action is hereby dismissed with prejudice as against the KPMG Defendants and KPMG HK only.

8. Nothing herein or in the Settlement Agreement shall be deemed to (i) discharge any person or entity other than the KPMG Released Parties from liability for the SLT's Released Claims, (ii) release or discharge any claims for contribution or indemnity based upon, or arising out of, claims brought by or on behalf of any person or entity other than SLT, or (iii)

preclude any adversary proceeding, claim, cause of action, demand, request for relief, or recovery, whether or not currently pending, by the Liquidating Trustee against or from any party other than the KPMG Released Parties.

9. The Court finds that there is no just reason to delay in entering a final judgment as to the KPMG Released Parties. Accordingly, this Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54(b).

10. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementations of this Order.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated:__ May 22, 2014